IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLENE ALATRISTA,

   Plaintiff,

    v.

PUBLIX SUPER MARKETS, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-3203-TWT

**OPINION AND ORDER**

This is a slip-and-fall personal injury action. It is before the Court on the Defendant Publix Super Markets, Inc.'s Motion for Summary Judgment [Doc. 30]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 30] is GRANTED.

**I. Background**

On October 2, 2011, the Plaintiff Charlene Alatrista visited a Publix Supermarket and was accompanied by her boyfriend, Misael Garcia.[1] The Plaintiff claims that while she was at Publix she slipped on a small puddle of clear liquid when

---

[1] Def.'s Statement of Facts ¶¶ 1-2.

walking along the main aisle just beyond the cash registers.[2] The Plaintiff testified that she did not notice the alleged puddle before she slipped, and that she could not see the puddle from a standing position even after the incident.[3] Garcia also inspected the floor after the incident and found that the alleged puddle was difficult to see.[4]

Shortly before the incident, at least four Publix employees inspected the area pursuant to the Defendant's "Don't Pass It Up – Pick It Up" Policy. First, Bedrie Ajeti – a Customer Service Staff Member – testified that she inspected the area where the incident occurred less than two minutes before the incident and again less than twenty seconds before the incident.[5] Ajeti claimed that she did not notice any foreign substance on the floor.[6] Second, Ronald Todd – the Assistant Store Manager – testified that he inspected the relevant area less than three minutes before the incident.[7] Todd testified that he too did not notice any foreign substance on the floor.[8] Third, Customer Service Team Leader Michelly Machado inspected the area less than

---

[2] Id. ¶ 6.

[3] Id. ¶¶ 9, 15.

[4] Id. ¶¶ 18, 24.

[5] Id. ¶ 33.

[6] Id. ¶ 35.

[7] Id. ¶¶ 38-39.

[8] Id. ¶ 41.

thirteen minutes before the incident and did not notice any foreign substance on the floor.[9] Finally, Produce Clerk Isaac Miller inspected the area less than twenty-three minutes before the incident, and he also did not observe any foreign substance on the floor.[10] All four of the employees testified that if they had seen any foreign substance in the area, they would have removed it.[11] The Plaintiff filed suit, asserting a tort claim against the Defendant based on its employees' failure to remove the puddle of clear liquid before the incident occurred. The Defendant now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[12] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[13] The party seeking summary judgment must first identify grounds that

---

[9] Id. ¶¶ 44, 46.

[10] Id. ¶¶ 48, 50.

[11] Id. ¶¶ 36, 42, 46, 51.

[12] FED. R. CIV. P. 56(c).

[13] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

show the absence of a genuine issue of material fact.[14] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[15] A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[16]

### III. Discussion

Under Georgia law, "[w]here an owner or occupier of land, by . . . invitation, induces . . . others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[17] The owner's duty to exercise ordinary care "requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge."[18]

---

[14] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[16] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

[17] O.C.G.A. § 51-3-1.

[18] Kauffman v. Eastern Food & Gas, Inc., 246 Ga. App. 103, 104 (2000); see also Robinson v. Kroger Co., 268 Ga. 735, 740 (1997) ("The owner/occupier is . . . required . . . to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters" and "[t]his includes inspecting

In the context of slip-and-fall cases, "[t]o prove negligence . . . the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it."[19]

Here, the Plaintiff is not claiming that the Defendant had actual knowledge of the foreign substance.[20] Thus, the Plaintiff must show that there is a genuine issue of material fact as to whether the Defendant had constructive knowledge. Generally, "[t]here are two established ways to prove constructive knowledge in a slip and fall case: (1) show that an employee of the defendant was in the immediate area of the hazard and could have easily seen it, or (2) show that the foreign substance remained long enough that ordinary diligence by the defendant should have discovered it."[21] Because the Plaintiff testified that she did not see any of the Defendant's employees in the area of the incident when it occurred,[22] the Plaintiff must establish constructive

---

the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.").

[19] Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 747 (1999).

[20] Pl.'s Resp. Br., at 5.

[21] Mock v. Kroger Co., 267 Ga. App. 1, 2 (2004).

[22] Alatrista Dep. at 70, 73.

knowledge under the second prong.[23] For this, the Plaintiff "need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident."[24]

The Defendant submitted evidence indicating that at least four employees conducted multiple inspections of the relevant area just minutes before the incident, and that none of them saw any foreign substance on the floor. In response, the Plaintiff simply points out that the "Defendant has provided no other evidence of sweep or zoning logs to show that its . . . inspection procedures were actually being performed on that date."[25] But the Plaintiff submits no evidence of her own, nor does she offer a reason why the employees' declarations lack credibility. Thus, there is no genuine issue of fact concerning whether the employees conducted the stated inspections. And typically, "when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action."[26] In fact, Georgia courts

---

[23] See Fred's Stores of Tennessee, Inc. v. Davenport, 307 Ga. App. 58, 59 (2010).

[24] Id. (citations omitted).

[25] Pl.'s Resp. Br., at 8.

[26] Mucyo v. Publix Super Markets, Inc., 301 Ga. App. 599, 601 (2009).

have routinely granted summary judgment to defendants in slip-and-fall cases when an inspection took place minutes before the incident.[27]

Further, summary judgment for the Defendant is appropriate for an additional reason. Constructive knowledge "can only be inferred with proof that the proprietor or its agent could have *easily* discovered and corrected the alleged hazard."[28] If "there is no evidence that the water could have been discovered during a reasonable inspection, then no inference arises that [the defendants'] failure to discover the defect was the result of any alleged failure to inspect."[29] Here, the Plaintiff admitted that even

---

[27] See, e.g., Davenport, 307 Ga. App. at 59 ("Davenport has not refuted Fred's evidence that an employee was in the same area minutes earlier in the course of a regular inspection and that the floor was clear at that time . . . in light of these facts, [the plaintiff] has not established . . . constructive knowledge."); Matthews v. The Varsity, Inc., 248 Ga. App. 512, 513 (2001) ("[T]he evidence shows that a Varsity employee actually inspected the stairs on which Matthews slipped approximately five minutes before the fall[, and] [t]hat employee saw no debris or liquid on the steps at that time . . . [a]s such, [the plaintiff's] enumeration attacking The Varsity's inspection procedures lacks merit."); Warberg v. Saint Louis Bread Co., 255 Ga. App. 352, 355 (2002) ("[T]he record shows-and the Warbergs concede-that Thomas inspected the area where Mrs. Warberg fell just a few minutes before she slipped . . . the Bread Company offered evidence that the hazardous condition was not present shortly before Mrs. Warberg's fall . . . [a]ccordingly, the Warbergs have not raised a question of fact regarding the reasonableness of the Bread Company's inspection procedures."); Brown v. Host/Taco Joint Venture, 305 Ga. App. 248, 252 (2010) ("[W]e have held that inspections conducted within 15 minutes prior to the plaintiff's fall were reasonable.").

[28] Chastain v. CF Georgia North Dekalb L.P., 256 Ga. App. 802, 804 (2002) (internal quotation marks omitted) (emphasis added).

[29] Id. at 803.

after the incident she had difficulty seeing the puddle of clear liquid from a standing position.[30] Even more, Garcia testified that he inspected the floor after the incident and that he too felt that the puddle was difficult to notice.[31] He clarified that he was only able to see it "from one angle."[32] Thus, even assuming, *arguendo*, that the employees did not inspect the relevant area shortly before the incident, the Plaintiff cannot demonstrate that a reasonable inspection would have resulted in the discovery and subsequent cleanup of the puddle. Accordingly, the Defendant is entitled to judgment as a matter of law.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant's Motion for Summary Judgment [Doc. 30].

---

[30] Alatrista Dep. at 68.

[31] Garcia Dep. at 32.

[32] Garcia Dep. at 30.

SO ORDERED, this 29 day of September, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge